UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

COLTON ROBERTS,

*Plaintiff,*

*v.* Case No. 3:26-cv-1139

COLUMBIA COUNTY AND
JORDAN REIMER,

*Defendants.*

---

**COMPLAINT**

---

Plaintiff Colton Roberts, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants Columbia County and Jordan Reimer, states:

**INTRODUCTION**

1. This is a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Colton Roberts's constitutional right to be free from unreasonable seizure in violation of the Fourth Amendment of the United States Constitution.

2. On a Sunday afternoon in June 2025, Roberts pulled his Jeep onto the shoulder of a rural highway in Columbia County and stopped. A passing motorist who believed Roberts was asleep and could not wake him called 911. Within about two minutes, the same caller reported that Roberts was awake and had driven away. The caller never reported a crime, a traffic violation, or any sign that Roberts was impaired.

3. Defendant Columbia County Sheriff's Deputy Jordan Reimer heard that Roberts was awake and driving, then watched Roberts's Jeep travel normally, in its lane, at the speed of traffic. Reimer turned his squad car around and stopped Roberts anyway, to investigate him for operating while intoxicated. He had no reasonable suspicion to do so. The Columbia County Circuit Court later agreed and suppressed all evidence obtained from the stop, and the State dismissed the charges it had brought against Roberts.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal claim under 28 U.S.C. §§ 1331 and 1343(a)(3), and over the state law indemnification claim under 28 U.S.C. § 1367(a).

5. Venue is proper under 28 U.S.C. § 1391(b). Defendant Columbia County is located within this judicial district, and the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

6. Plaintiff Colton Roberts is a resident of the State of Wisconsin.

7. At all relevant times, Defendant Jordan Reimer was employed as a deputy with the Columbia County Sheriff's Office.

8. At all relevant times, Defendant Reimer was on duty, acting under color of state and local law, and in the course and scope of his employment with Columbia County.

9. Defendant Columbia County is a political subdivision of the State of Wisconsin and was Defendant Reimer's employer. It is sued as an indemnitor under WIS. STAT. § 895.46.

**FACTS**

10. On the afternoon of Sunday, June 22, 2025, Plaintiff Roberts pulled his Jeep Cherokee onto the shoulder of State Highway 22 in the Town of Marcellon, Columbia County, Wisconsin, and stopped.

11. At about 3:17 p.m., a passing motorist who believed Roberts was asleep called 911 and told Columbia County dispatch that a man was in a vehicle on the side of the road, unresponsive and snoring, and that the caller was trying to wake him.

12. Dispatch treated the call as a request for medical assistance and dispatched Defendant Reimer.

13. At about 3:20 p.m., the caller reported that the man was awake. At about 3:21 p.m., the caller reported that the man was driving away, southbound on Highway 22.

14. The caller did not report that the man had committed a crime or a traffic violation, that he appeared intoxicated, or that he was driving erratically.

15. Before Reimer reached Highway 22, dispatch told him that the man was awake and had left the scene.

16. Reimer then saw Roberts's Jeep approaching him on Highway 22, traveling in its lane at the speed of traffic. Reimer saw no traffic violation and no erratic driving.

17. After the Jeep turned onto County Highway EE, Reimer turned his squad car around and, with his emergency lights and siren activated, pulled in behind it. Roberts promptly pulled onto the shoulder and stopped.

18. Reimer stopped Roberts at about 3:22 p.m., roughly one minute after the caller reported that Roberts had driven away.

19. Reimer never saw Roberts asleep, unresponsive, or in any distress.

20. Reimer stopped Roberts to investigate whether Roberts was operating while intoxicated.

21. At the time of the stop, Reimer had no objectively reasonable basis to believe that Roberts needed assistance.

22. Reimer approached the Jeep, asked Roberts whether everything was all right, and Roberts said that it was. Reimer took Roberts's driver's license.

23. Reimer did not ask Roberts whether he had any medical condition or needed medical help. Within about two minutes of making contact with Roberts, Reimer canceled the fire and EMS units that had been dispatched.

24. The State of Wisconsin subsequently charged Roberts in Columbia County Circuit Court Case No. 2025CT000237 with two misdemeanor counts arising from the stop.

25. On September 28, 2026, after an evidentiary hearing at which Reimer testified and the court reviewed the squad-car and body-camera video, the Columbia County Circuit Court suppressed all evidence obtained from the stop, finding that

Reimer had no reasonable suspicion to stop Roberts. On September 30, 2026, the court dismissed the case on the State's motion.

**COUNT 1:**
**42 U.S.C. § 1983 Claim for Unlawful Seizure**

26. Plaintiff realleges the above paragraphs.

27. Defendant Reimer seized Plaintiff Roberts by stopping his Jeep without reasonable suspicion that Roberts was engaged in criminal activity and without any objectively reasonable basis to believe that Roberts was in need of assistance.

28. Defendant Reimer acted under color of law.

29. Defendant Reimer thereby violated Roberts's Fourth Amendment right to be free from unreasonable seizure and is liable under 42 U.S.C. § 1983.

30. As a direct and proximate result of Defendant Reimer's unlawful actions, Roberts suffered damages from loss of liberty, emotional distress, humiliation, and invasion of privacy.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands actual or compensatory damages against Defendant Reimer, the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. And because Defendant Reimer acted maliciously, wantonly, or oppressively, Plaintiff demands punitive damages.

**COUNT 2:**
**WIS. STAT. § 895.46 Indemnification Claim**

31. Plaintiff realleges the above paragraphs.

32. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable for acts within the scope of their employment.

33. At all times relevant to this action, Defendant Reimer engaged in the conduct complained of while on duty and in the course and scope of his employment with Columbia County.

WHEREFORE, pursuant to WIS. STAT. § 895.46, Plaintiff asks this Court to find that Columbia County is liable to defend this action against Defendant Reimer and is required to satisfy any judgment against its employee, by virtue of WIS. STAT. § 895.46.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: November 23, 2026,

/s/ William Grau

John H. Bradley
Wisconsin Bar No. 1053124
R. Rick Resch
Wisconsin Bar No. 1117722
William Grau
Wisconsin Bar No. 1117724
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608)535-1550
John@StrangBradley.com
Rick@StrangBradley.com
William@StrangBradley.com

Attorneys for Plaintiff